```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

B. LYNN CALLAWAY TRUSTEE,

           Plaintiff,

vs.                              Case No.   2:11-cv-427-FtM-29DNF

SPRING WOODS MOBILE HOME SUBDIVISION
HOMEOWNER'S ASSOCIATION, INC., and
MICHELE REBSTOCK,

           Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendants, Springwoods Mobile Home Subdivision Homeowners' Association, Inc. and Michelle Rebstock's, Motion to Dismiss Count III and Count IV of Plaintiff's Amended Complaint (Doc. #74) filed on August 16, 2012. On August 30, 2012, plaintiff filed a Response (Doc. #76). For the reasons set forth below, the motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation

omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

On August 7, 2012, plaintiff B. Lynn Callaway Trustee filed a five-count Amended Complaint (Doc. #72) against defendants Spring Woods Mobile Home Subdivision Homeowner's Association, Inc. (Spring Woods) and Michele Rebstock (Rebstock).  Plaintiff brings claims for violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. (Doc. #72, ¶ 5.)  Counts I and II allege violations of 42 U.S.C. §§ 3604 and 3617, Counts III and IV allege a conspiracy between defendants to violate 42 U.S.C. §§ 3604 and 3617, and Count IV alleges retaliation prohibited by 42 U.S.C. §§ 3604 and 3617. (Id., pp. 9-12.)

Defendants contend that Counts III and IV of the Amended Complaint do not state a claim upon which relief can be granted and should be dismissed.  (Doc. #74.)  Defendants argue that because defendant Rebstock is an employee of Spring Woods, that a conspiracy between them is a legal impossibility under the intra-corporate conspiracy doctrine.  (Id.)  In response, plaintiff argues that one of the cases cited by defendants is distinguishable because plaintiff's case does not involve a contractual dispute. (Doc. #76, pp. 2, 3.)

### III.

"A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts

done under the conspiracy." Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008)(citations omitted). "Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation. This doctrine stems from basic agency principles that attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 767 (11th Cir. 2000)(internal quotations and citations omitted). This rule applies unless an agent of the corporation "has a personal stake in the activities that are separate and distinct from the corporation's interest." Cedar Hills Props. Corp. v. E. Fed. Corp., 575 So. 2d 673, 676 (Fla. 1st DCA 1991). There are no allegations in the Amended Complaint that Rebstock has an interest separate and distinct from her corporate interest as employee of Spring Woods. Accordingly, the Court finds that the conspiracy counts should be dismissed.

Accordingly, it is now

**ORDERED**:

1. Defendants, Springwoods Mobile Home Subdivision Homeowners' Association, Inc. and Michelle Rebstock's, Motion to Dismiss Count III and Count IV of Plaintiff's Amended Complaint (Doc. #74) is **GRANTED.**

2. Counts III and IV of the Amended Complaint are **dismissed without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>17th</u> day of December, 2012.

_____<br>
JOHN E. STEELE<br>
United States District Judge

Copies: Counsel of record